ELECTRONICALLY FILED
Jul 11 2022
U.S. DISTRICT COURT
Northern District of WV

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF WEST VIRGINIA
## MONONGALIA DIVISION

| | | |
|---|---|---|
| Tammy Ware *et al.*, Individually and on behalf of all others similarly situated | § § § § | Civil Action No. __1:22-CV-54 (Kleeh)__ |
| *Plaintiff,* | § § | JURY TRIAL DEMANDED |
| v. | § § § | COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(b) |
| West Virginia University Medical Corporation | § § § | |
| *Defendant.* | § § | CLASS ACTION PURSUANT TO FED. R. CIV. P. 23(b)(3) |

### ORIGINAL COLLECTIVE/CLASS ACTION COMPLAINT

Plaintiff, Tammy Ware, brings this action individually and on behalf of all current and former hourly employees (hereinafter "Plaintiff and the Putative Class Members") who worked for West Virginia University Medical Corporation (hereinafter "Defendant" or "WVU Medical"), at any time during the relevant statutes of limitation through the final disposition of this matter, to recover compensation, liquidated damages, and attorneys' fees and costs pursuant to the provisions of Sections 206, 207 and 216(b) of the Fair Labor Standards Act of 1938, as amended 29 U.S.C. § 216(b) and the West Virginia Wage Payment and Collection Act (hereinafter "WVWPCA"), W. Va. Code §21-5-1 *et seq.* (the WVWPCA as the "West Virginia Act").

Plaintiff's FLSA claims are asserted as a collective action under Section 16(b) of the FLSA, 29 U.S.C. § 216(b), while the additional state law claims are asserted as a class action under Federal Rule of Civil Procedure 23. The following allegations are based on personal knowledge as to Plaintiff's own conduct and are made on information and belief as to the acts of others.

### I.
### OVERVIEW

1. This is a collective action to recover overtime wages, liquidated damages, and other applicable penalties brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, and a class action pursuant to the state laws of West Virginia under FED. R. CIV. PROC. 23 to recover unpaid straight time, and other applicable penalties.

2. Plaintiff and the Putative Class Members are those similarly situated persons who have worked for WVU Medical at any time during the relevant time period(s) and have not been paid for all hours worked, nor the correct amount of overtime in violation of state and federal law.

3. During the relevant time periods, WVU Medical utilized the "Kronos" timekeeping and payroll system provided by Ultimate Kronos Group.

4. Like many companies across the United States, WVU Medical's timekeeping and payroll systems were affected by the Kronos ransomware hack (hereinafter referred to as "the hack" or "Kronos hack") occurring in December of 2021.

5. The hack led to problems in timekeeping and payroll throughout WVU Medical's organization; specifically, WVU Medical was unable to track its employees' hours through the Kronos system for purposes of calculating pay, overtime, and the proper overtime rate.

6. WVU Medical implemented a system to address the Kronos hack, whereby it instructed its employees to record their hours manually to allow it to issue a pay correction at a later date.

7. Although WVU instructed Plaintiff and the Putative Class Members to record their actual hours worked, WVU Medical chose not to use those records and instead implemented a pay policy whereby its employees were paid based on the amount of pay they received for the preceding pay period ending on December 3, 2021.

8. The method implemented by WVU Medical to address the Kronos hack caused Plaintiff and the Putative Class Members to have performed work for which they were not

compensated, and further created a miscalculation of their regular rate(s) of pay for purposes of calculating their overtime compensation each workweek.

9. As a result, WVU Medical's hourly employees were not paid for all hours worked, and/or were not paid the proper overtime premium after the onset of the Kronos hack.

10. Additionally, although WVU Medical eventually paid its employees after it reviewed the hours they manually entered, this delay resulted in late and/or insufficient payment of wages owed in violation of the FLSA and West Virginia's Wage Payment and Collection Act.

11. WVU Medical pushed the cost of the Kronos hack onto the most economically vulnerable people in its workforce; its hourly employees who rely on the full and timely payment of their wages to make ends meet.

12. WVU Medical knowingly and deliberately failed to compensate Plaintiff and the Putative Class Members for all hours worked and the proper amount of overtime on a routine and regular basis during the relevant time period(s).

13. Plaintiff and the Putative Class Members seek to recover all unpaid overtime, liquidated damages, and other damages owed under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b), and to recover all unpaid straight time, and other damages owed under the state laws of West Virginia as a class action pursuant to Federal Rule of Civil Procedure 23.

14. Plaintiff prays that all similarly situated workers be notified of the pendency of this action to apprise them of their rights and provide them an opportunity to opt-in to this lawsuit.

15. Plaintiff also pray that the Rule 23 class is certified as defined herein, and the Plaintiff designated herein be named the Class Representative.

## II.
## THE PARTIES

16. Plaintiff, Tammy Ware ("Ware"), was employed by WVU Medical in West Virginia during the relevant time periods. Plaintiff Ware did not receive compensation for all hours worked or

the correct amount of overtime compensation for all hours worked in excess of forty (40) hours per workweek.[1]

17. The FLSA Collective Members are those current and former hourly employees who were employed by WVU Medical anywhere in the United States from November 28, 2021, through the final disposition of this matter, and have been subjected to the same illegal pay system implemented by WVU Medical to address the Kronos hack.

18. The West Virginia Class Members are those current and former hourly employees who were employed by WVU Medical in West Virginia, at any time from November 28, 2021, through the final disposition of this matter, and have been subjected to the same illegal pay system implemented by WVU Medical to address the Kronos hack.

19. Defendant West Virginia University Medical Corporation is a domestic non-profit corporation, organized under the laws of the State of West Virginia and may be served with process through its registered agent, Christine Vaglienti at: 1 Medical Center Drive, Hospital Administration, Morgantown, WV, 26506.

### III.
### JURISDICTION & VENUE

20. This Court has federal question jurisdiction over the FLSA claims pursuant to 28 U.S.C. § 1331 as this is an action arising under 29 U.S.C. §§ 201–19.

21. This Court has supplemental jurisdiction over the additional state law claims pursuant to 28 U.S.C. § 1367.

22. This Court has personal jurisdiction over WVU Medical because of WVU Medical's conduct within this District and Division.

---

[1] The written consent of Tammy Ware is hereby attached as Exhibit "A."

23. Venue is proper in the Northern District of West Virginia because this is a judicial district where a substantial part of the events or omissions giving rise to the claim occurred.

24. Specifically, WVU Medical's corporate headquarters are located in Morgantown, West Virginia which is located within this District and Division.

25. Venue is therefore proper in this Court pursuant to 28 U.S.C. § 1391.

## IV.
## ADDITIONAL FACTS

26. WVU Medical is the state of West Virginia's largest health system and is the largest private employer with healthcare facilities in West Virginia, Maryland, Ohio and Pennsylvania.[2]

27. To provide its services, WVU Medical employed (and continues to employ) numerous hourly workers—including Plaintiff and the individuals that make up the putative or potential class.

28. While exact job titles may differ, these hourly employees were subjected to the same or similar illegal pay practices for similar work throughout WVU Medical's facilities in the United States.

29. Plaintiff Ware was employed as an Administrative Assistant/Behavioral Health Technician in Weston, West Virginia at WVU Medical's United Summit Center facility from approximately October of 2010 to March 1, 2022.

30. Plaintiff and the Putative Class Members are non-exempt employees that were (and continue to be) paid by the hour.

31. Plaintiff Ware worked hours, including overtime hours, for which she was not timely paid as of WVU Medical's choice not to pay her for her actual recorded hours pursuant to its policy to only pay its hourly employees based on the amount of hours they worked the previous pay period throughout the pendency of the Kronos hack.

---

[2] https://wvumedicine.org/about/

32. Plaintiff and the Putative Class Members typically worked (and continue to work) in excess of forty (40) "on-the-clock" hours per week.

33. WVU Medical employed (and continues to employ) other individuals who perform(ed) the same or similar job duties under the same pay provisions as Plaintiff.

34. Moreover, Plaintiff and the Putative Class Members are similarly situated with respect to their pay structure and, as set forth above, the policies implemented by WVU Medical to address the Kronos hack resulting in the complained of FLSA and state law violations alleged herein.

35. WVU Medical was (and continues to be) aware of its obligation to timely pay Plaintiff and the Putative Class Members for all hours worked and pay the proper amount of overtime for all hours worked in excess of forty (40) each week but has failed to do so.

36. WVU Medical failed to pay Plaintiff and the putative class members wages on time and could have done so by using the manual information recorded by Plaintiff and the Putative class members for each pay period after the Kronos Hack.

37. Because WVU Medical did not pay Plaintiff and the Putative Class Members for all hours worked and time and a half for all hours worked in excess of forty (40) in a workweek, WVU Medical's pay policies and practices violate the FLSA and the West Virginia state laws alleged herein.

## V.
## CAUSES OF ACTION

### COUNT ONE
**(Collective Action Alleging FLSA Violations)**

**A.   FLSA COVERAGE**

38. All previous paragraphs are incorporated as though fully set forth herein.

39. The FLSA Collective is defined as:

**ALL CURRENT AND FORMER HOURLY EMPLOYEES OF WEST VIRGINIA UNIVERSITY MEDICAL CORPORATION WHO WORKED ANYWHERE IN THE UNITED STATES FROM NOVEMBER 28, 2021, THROUGH THE FINAL DISPOSITION OF THIS MATTER, AND HAVE**

**BEEN SUBJECTED TO THE SAME ILLEGAL PAY SYSTEM IMPLEMENTED TO ADDRESS THE KRONOS HACK. ("FLSA Collective" or "FLSA Collective Members").**

40. At all times hereinafter mentioned, Plaintiff and the FLSA Collective Members have been employees within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e).

41. At all times hereinafter mentioned, WVU Medical has been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

42. At all times hereinafter mentioned, WVU Medical has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, or in any closely related process or occupation directly essential to the production thereof, and in that that enterprise has had, and has, an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

43. During the respective periods of Plaintiff and the FLSA Collective Members' employment by WVU Medical, these individuals have provided services for WVU Medical that involved interstate commerce for purposes of the FLSA.

44. In performing the operations hereinabove described, Plaintiff and the FLSA Collective Members have been engaged in commerce or in the production of goods for commerce within the meaning of §§ 203(b), 203(i), 203(j), 206(a), and 207(a) of the FLSA. 29 U.S.C. §§ 203(b), 203(i), 203(j), 206(a), 207(a).

45. Specifically, Plaintiff and the FLSA Collective Members are non-exempt hourly employees of WVU Medical who assisted WVU Medical's patients from throughout the United States. 29 U.S.C. § 203(j).

46. At all times hereinafter mentioned, Plaintiff and the FLSA Collective Members have been individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206–07.

47. The proposed class of similarly situated employees, i.e., putative class members, sought to be certified pursuant to 29 U.S.C. § 216(b), is defined in Paragraph 39.

48. The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee and personnel records of WVU Medical.

**B.   FAILURE TO PAY WAGES AND OVERTIME UNDER THE FAIR LABOR STANDARDS ACT**

49. WVU Medical has violated provisions of Sections 6, 7 and 15 of the FLSA, 29 U.S.C. §§ 206–7, and 215(a)(2) by employing individuals in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without compensating such non-exempt employees for all hours worked in excess of forty (40) hours per week at rates at least one and one-half times the regular rates for which they were employed.

50. Plaintiff and the FLSA Collective Members have suffered damages and continue to suffer damages as a result of WVU Medical's acts or omissions as described herein; though WVU Medical is in possession and control of necessary documents and information from which Plaintiff would be able to precisely calculate damages.

51. Moreover, WVU Medical knowingly, willfully, and with reckless disregard carried out its illegal pattern of failing to timely pay Plaintiff and other similarly situated employees for all hours worked and the proper amount of overtime compensation for all hours worked over forty (40) each week. 29 U.S.C. § 255(a).

52. WVU Medical knew or should have known its pay practices were in violation of the FLSA.

53. WVU Medical is a sophisticated party and employer, and therefore knew (or should have known) its pay policies were in violation of the FLSA.

54. Plaintiff and the FLSA Collective Members, on the other hand, are (and were) unsophisticated employees who trusted WVU Medical to pay them timely, according to the law.

55. The decision and practice by WVU Medical to not timely pay for all hours worked and the proper amount of overtime for all hours worked over forty (40) each week was neither reasonable nor in good faith.

56. Accordingly, Plaintiff and the FLSA Collective Members are entitled to be paid overtime wages for all hours worked in excess of forty (40) hours per workweek pursuant to the FLSA in an amount equal to one-and-a-half times their regular rate of pay, plus liquidated damages, attorneys' fees and costs.

C. **COLLECTIVE ACTION ALLEGATIONS**

57. All previous paragraphs are incorporated as though fully set forth herein.

58. Pursuant to 29 U.S.C. § 216(b), this is a collective action filed on behalf of all of WVU Medical's employees who have been similarly situated to Plaintiff with regard to the work they performed, the manner in which they were paid, and their common subjugation to the policies and procedures implemented by WVU medicine to address the Kronos Hack.

59. Other similarly situated employees of WVU Medical have been victimized by WVU Medical's patterns, practices, and policies implemented to address the Kronos hack which are in willful violation of the FLSA.

60. The FLSA Collective Members are defined in Paragraph 39.

61. WVU Medical's failure to pay Plaintiff and the FLSA Collective Members for all hours worked and overtime compensation at the rates required by the FLSA, results from WVU Medical's

generally applicable policies and practices implemented to address the Kronos hack, and does not depend on the personal circumstances of Plaintiff or the FLSA Collective Members.

62. Thus, Plaintiff's experiences are typical of the experiences of the FLSA Collective Members.

63. The specific job titles or precise job requirements of the various FLSA Collective Members do not prevent collective treatment.

64. All of the FLSA Collective Members—regardless of their specific job titles, precise job requirements, rates of pay, or job locations—are entitled to be timely paid for all hours worked and at the proper overtime rate for all hours worked in excess of forty (40) hours per workweek.

65. Although the issues of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

66. Absent a collective action, many members of the proposed FLSA collective likely will not obtain redress of their injuries and WVU Medical will retain the proceeds of its violations.

67. Moreover, individual litigation would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the individual members of the classes and provide for judicial consistency.

68. Accordingly, the FLSA collective of similarly situated plaintiff should be certified as defined as in Paragraph 39 and notice should be promptly sent.

## COUNT TWO
**(Class Action Alleging Violations of the West Virginia Act)**

**A.   WEST VIRGINIA ACTS COVERAGE**

69. Plaintiff incorporates by reference all paragraphs and allegations set forth in the statement of facts of this complaint as though fully and completely set forth herein.

70. The West Virginia Class is defined as:

**ALL CURRENT AND FORMER HOURLY EMPLOYEES OF WEST VIRGINIA UNIVERSITY MEDICAL CORPORATION WHO WORKED AT ANY TIME FROM NOVEMBER 28, 2021, THROUGH THE FINAL DISPOSITION OF THIS MATTER IN THE STATE OF WEST VIRGINIA AND HAVE BEEN SUBJECTED TO THE SAME ILLEGAL PAY SYSTEM IMPLEMENTED TO ADDRESS THE KRONOS HACK. ("West Virginia Class" or "West Virginia Class Members").**

71. At all times hereinafter mentioned, WVU Medical has been an "employer" within the meaning of the West Virginia Acts. *See* W. Va. Code § 21-5-1, *et seq*.

72. At all times hereinafter mentioned, Plaintiff and the West Virginia Class Members have been "employees" within the meaning of the West Virginia Acts. *See* W. Va. Code § 21-5-1, *et seq*.

**B.  FAILURE TO PAY WAGES IN ACCORDANCE WITH THE WEST VIRGINIA ACTS**

73. All previous paragraphs are incorporated as though fully set forth herein.

74. The WVWPCA requires that "[e]very person, firm, or corporation doing business in this state. . . shall settle with its employees at least twice every month and with no more than 19 days between settlements. . ." W. Va. Code §21-5-3(a).

75. When the correct number of hours worked are properly accounted for as time worked, WVU Medical has failed to pay Plaintiff and the West Virginia Class Members their correct wages as required by the West Virginia Act.

76. Plaintiff and the West Virginia Class Members have suffered damages and continue to suffer damages as a result of WVU Medical's acts or omissions as described herein, and MVU Medical is in possession and control of necessary documents and information from which Plaintiff would be able to precisely calculate damages.

77. Plaintiff, on behalf of herself and the West Virginia Class Members, seeks recovery of their unpaid straight time wages and an additional equal amount as liquidated damages, attorneys' fees, costs, and reasonable expenses of this action to be paid by WVU Medical. *See* W. Va. Code § 21-5-4(e).

78. The proposed class of employees sought to be certified pursuant to the West Virginia Acts, is defined in Paragraph 70.

79. The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee or personnel records of WVU Medical.

C. **WEST VIRGINIA CLASS ALLEGATIONS**

80. Plaintiff Ware brings her West Virginia claims as a class action pursuant to Federal Rule of Civil Procedure 23 on behalf of all similarly situated individuals employed by WVU Medical to work in West Virginia at any time between November 28, 2021 through the final disposition of this matter.

81. Class action treatment of Plaintiff Ware's claims are appropriate because, as alleged below, all of Federal Rule of Civil Procedure 23's class action requisites are satisfied.

82. WVU Medical employs (and has employed) numerous individuals during the relevant window of recovery and joinder of their individual claims would be impracticable.

83. Plaintiff Ware's claims share common questions of law and fact with the claims of the West Virginia Class Members.

84. Plaintiff Ware is a member of the West Virginia Class, her claims are typical of the claims of the other West Virginia Class Members, and she has no interests that are antagonistic to or in conflict with the interests of the other West Virginia Class Members.

85. Plaintiff Ware and her counsel will fairly and adequately represent the West Virginia Class Members and their interests.

86. Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact predominate over questions affecting only individual class members and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

87. Accordingly, the West Virginia Class should be certified as described in Paragraph 70.

## VI.
## RELIEF SOUGHT

88. Plaintiff respectfully prays for judgment against WVU Medical as follows:

a. For an Order certifying the FLSA Collective as defined in Paragraph 39 and requiring WVU Medical to provide the names, addresses, e-mail addresses, telephone numbers, and social security numbers of all putative collective action members;

b. For an Order certifying the West Virginia Class as defined in Paragraph 70 and designating Plaintiff Ware as the Class Representative of the West Virginia Class;

c. For an Order approving the form and content of a notice to be sent to all putative FLSA Collective Members advising them of the pendency of this litigation and of their rights with respect thereto;

d. For an Order pursuant to Section 16(b) of the FLSA finding WVU Medical liable for unpaid back wages due to Plaintiff (and those FLSA Collective Members who have joined in the suit), and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff (and those FLSA Collective Members who have joined in the suit);

e. For an Order pursuant to West Virginia statutory law awarding Plaintiff Ware and the West Virginia Class Members unpaid straight time wages and other damages allowed by law;

f. For an Order awarding costs and expenses of this action;

g. For an Order awarding attorneys' fees;

h. For an Order awarding pre-judgment and post-judgment interest at the highest rates allowed by law;

i. For an Order awarding Plaintiff a service award as permitted by law;

j. For an Order compelling the accounting of the books and records of WVU Medical, at WVU Medical's own expense; and

k.  For an Order granting such other and further relief as may be necessary and appropriate.

Date:   July 11, 2022

Respectfully submitted,

Tammy Ware *et al.*,
Individually and on behalf
of all others similarly situated

Plaintiffs,

By Counsel

/s/ Kirk Auvil
Kirk Auvil (WVSB #12953)
Walt Auvil (WVSB #190)

The Employment Law Center PLLC
1208 Market St.
Parkersburg, WV  26101
304-485-3058 (tel)
304-485-6344 (fax)

**ANDERSON ALEXANDER, PLLC**

By:   /s/ Clif Alexander
**Clif Alexander** *(Pro Hac Vice anticipated)*
Texas Bar No. 24064805
clif@a2xlaw.com
**Austin W. Anderson** *(Pro Hac Vice anticipated)*
Texas Bar No. 24045189
austin@a2xlaw.com
819 N. Upper Broadway
Corpus Christi, Texas 78401
Telephone: (361) 452-1279
Facsimile: (361) 452-1284

*Attorneys in Charge for Representative Plaintiff and Putative Collective/Class Members*