UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF WEST VIRGINIA
MONONGALIA DIVISION

|  |  |  |
|---|---|---|
| TAMMY WARE,<br>**Individually and on behalf of all others similarly situated** | § § § § | Civil Action No. 1:22-CV-00054 |
| *Plaintiff*, | § § § | **JURY TRIAL DEMANDED** |
| v. | § § § | **COLLECTIVE ACTION PURUSANT** <br> **U.S.C. § 216(b)** |
| WEST VIRGINIA UNIVERSITY MEDICAL<br>CORPORATION, *et al.*, | § § § | |
| *Defendants*. | § § | |

**FIRST AMENDED COLLECTIVE ACTION COMPLAINT**

Plaintiff Tammy Ware brings this action individually and on behalf of all current and former

hourly employees (hereinafter "Plaintiff and the Putative Collective Members") who worked for West

Virginia University Medical Corporation, West Virginia United Health System, Inc., West Virginia

University Hospitals, Inc. d/b/a J.W. Ruby Memorial Hospital, The Charles Town General Hospital

d/b/a Jefferson Medical Center, Potomac Valley Hospital of W. VA., Inc., United Hospital Center,

Inc., Princeton Community Hospital Association, Inc., Auxiliary of the Camden Clark Memorial

Hospital of Parkersburg, Inc. d/b/a Camden Clark Medical Center, Reynolds Memorial Hospital, Inc.,

City Hospital, Inc. d/b/a Berkeley Medical Center, St. Joseph's Hospital of Buckhannon, Inc.,

Charleston Hospital, Inc. d/b/a Saint Francis Hospital, The West Virginia Health Care Cooperative,

Inc. d/b/a Summersville Regional Medical Center, Braxton County Memorial Hospital, Inc., Herbert

J. Thomas Memorial Hospital Association, Wetzel County Hospital, Inc., Community Health

Association d/b/a Jackson General Hospital, Wheeling Hospital, Inc., Fayette Physician Network,

Inc. d/b/a Uniontown Hospital, and United Summit Center, Inc. (collectively, "Defendants") at any

time during the relevant statutes of limitation through the final disposition of this matter, to recover

compensation, liquidated damages, and attorneys' fees and costs pursuant to the provisions of Sections 207 and 216(b) of the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201–19 ("FLSA").

Plaintiff's FLSA claims are asserted as a collective action under Section 16(b) of the FLSA, 29 U.S.C. § 216(b). The following allegations are based on personal knowledge as to Plaintiff's own conduct and are made on information and belief as to the acts of others.

## I.
## OVERVIEW

1.       This is a collective action to recover overtime wages, liquidated damages, and other applicable penalties brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201–19.

2.       Plaintiff and the Putative Collective Members are those similarly situated persons who have worked for Defendants at any time during the relevant time period(s) and have not been paid for all hours worked, nor the correct amount of overtime in violation of federal law.

3.       Although Plaintiff and the Putative Collective Members routinely worked in excess of forty (40) hours per workweek, Plaintiff and the Putative Collective Members have not been paid overtime of at least one and one-half their regular rates for all hours worked in excess of forty (40) hours per workweek.

4.       During the relevant time period(s), Defendants knowingly and deliberately failed to compensate Plaintiff and the Putative Collective Members for all hours worked each workweek and the proper amount of overtime on a routine and regular basis during the relevant time periods.

5.       Specifically, Defendants' regular practice—including during weeks when Plaintiff and the Putative Collective Members worked more than 40 hours (not counting hours worked "off-the-clock")—was (and is) to automatically deduct a 30-minute meal-period from Plaintiff and the Putative

Collective Members' daily time even though they regularly worked (and continue to work) "off-the-clock" through their meal-period breaks.

6.     The effect of Defendants' practices was (and is) that all time worked by Plaintiff and the Putative Collective Members was not (and is not) counted and paid; thus, Defendants have failed to properly compensate Plaintiff and the Putative Collective Members for all of their hours worked and resultingly failed to properly calculate Plaintiff and the Putative Collective Members' overtime under the FLSA.

7.     Further, during the relevant time periods, Defendants utilized the "Kronos" timekeeping and payroll system provided by Ultimate Kronos Group.

8.     Like many companies across the United States, Defendants' timekeeping and payroll systems were affected by the Kronos ransomware hack (hereinafter referred to as "the hack" or "Kronos hack") that occurred in December of 2021.

9.     The hack led to timekeeping and payroll inaccuracies throughout Defendants' organization; specifically, Defendants were unable to track its employees' hours through the Kronos system for purposes of calculating pay, overtime, and the proper overtime rate.

10.     Defendants implemented a system to address the Kronos hack, whereby they instructed their employees to record their hours manually to allow it to issue a pay correction at a later date.

11.     Although Defendants instructed Plaintiff and the Putative Collective Members to record their actual hours worked, Defendants chose not to use those records and instead implemented a pay policy whereby their employees were paid based on the amount of pay they received for the preceding pay period ending on December 3, 2021.

12.     The method implemented by Defendants to address the Kronos hack caused Plaintiff and the Putative Collective Members who worked more hours in the weeks affected by the Kronos

hack than the preceding week to have performed work for which they were not compensated, and further created a miscalculation of their regular rate(s) of pay for purposes of calculating their overtime compensation each workweek.

13.   As a result, Defendants' hourly employees were not paid for all hours worked, and/or were not paid the proper overtime premium after the onset of the Kronos hack.

14.   Additionally, although Defendants eventually paid their employees after they reviewed the hours they manually entered, this delay resulted in late and/or insufficient payment of wages owed in violation of the FLSA.

15.   Defendants pushed the cost of the Kronos hack onto the most economically vulnerable people in their workforce; their hourly employees who rely on the full and timely payment of their wages to make ends meet.

16.   Defendants knowingly and deliberately failed to compensate Plaintiff and the Putative Collective Members for all hours worked and the proper amount of overtime on a routine and regular basis during the relevant time period(s).

17.   Plaintiff and the Putative Collective Members did not and currently do not perform work that meets the definition of exempt work under the FLSA.

18.   Plaintiff and the Putative Collective Members seek to recover all unpaid overtime, liquidated damages, and other damages owed under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b).

19.   Plaintiff prays that all similarly situated workers be notified of the pendency of this action to apprise them of their rights and provide them an opportunity to opt-in to this lawsuit.

## II.
## THE PARTIES

20.   Plaintiff, Tammy Ware ("Ware"), was employed by Defendants in West Virginia during the relevant time periods. Plaintiff Ware did not receive compensation for all hours worked or

the correct amount of overtime compensation for all hours worked over forty (40) hours each workweek.[1]

21.     The FLSA Meal Break Collective Members are those current and former hourly employees, subject to an automatic meal break deduction, who were employed by Defendants anywhere in the United States at any time from August 26, 2019, through the final disposition of this matter, and have been subjected to the same illegal pay system implemented by Defendants under which Plaintiff Ware worked and was paid.

22.     The FLSA Kronos Collective Members are those current and former hourly employees, who used a Kronos time clock, who were employed by Defendants anywhere in the United States from November 28, 2021, through the resolution of the Kronos hack, and have been subjected to the same illegal pay system implemented by Defendants to address the Kronos hack.

23.     Defendant West Virginia University Medical Corporation ("WVUMC") is a domestic non-profit corporation, organized under the laws of the State of West Virginia and has been served and appeared herein. ECF No. 12.

24.     Defendant, West Virginia United Health System, Inc. ("West Virginia United Health"), is a domestic for-profit corporation, organized under the laws of the State of West Virginia and may be served with process through its registered agent, Christine Vaglienti at: 1238 Suncrest Towne Center, Morgantown, West Virginia 26505.

25.     Defendant, West Virginia University Hospitals, Inc. d/b/a J.W. Ruby Memorial Hospital ("WVUH"), is a domestic for-profit corporation, organized under the laws of the State of West Virginia and may be served with process through its registered agent, Christine Vaglienti at: 1238 Suncrest Towne Center, Morgantown, West Virginia 26505.

---

[1]  The written consent of Tammy Ware is on file with this Court at ECF No. 1-1.

26.     Defendant, The Charles Town General Hospital d/b/a Jefferson Medical Center ("CTGH"), is a domestic for-profit corporation, organized under the laws of the State of West Virginia and may be served with process through its registered agent, Garland Nagy at: 300 South Preston Street, Ranson, WV 25438.

27.     Defendant, Potomac Valley Hospital of W. VA., Inc. ("PVH"), is a domestic for-profit corporation, organized under the laws of the State of West Virginia and may be served with process through its registered agent, Christine Vaglienti at: 1238 Suncrest Towne Center, Morgantown, West Virginia 26505.

28.     Defendant, United Hospital Center, Inc. ("UHC"), is a domestic for-profit corporation, organized under the laws of the State of West Virginia and may be served with process through its registered agent, Michael C. Tillman, 327 Medical Park Drive, Bridgeport, West Virginia 26330.

29.     Defendant, Princeton Community Hospital Association, Inc. ("PCHA"), is a domestic for-profit corporation, organized under the laws of the State of West Virginia and may be served with process through its registered agent, Diane Spencer at: 122 Twelfth Street, Princeton, WV 24740.

30.     Defendant, Auxiliary of the Camden Clark Memorial Hospital of Parkersburg, Inc. d/b/a Camden Clark Medical Center ("ACCMHP"), is a domestic for-profit corporation, organized under the laws of the State of West Virginia and may be served with process through its registered agent, Auxiliary of the Camden Clark Memorial Hospital at: 800 Garfield Avenue, Parkersburg, WV 26101.

31.     Defendant, Reynolds Memorial Hospital, Inc. ("RMH"), is a domestic for-profit corporation, organized under the laws of the State of West Virginia and may be served with process through its registered agent, Christine Vaglienti at: 1238 Suncrest Towne Center, Morgantown, West Virginia 26505.

32.     Defendant, City Hospital, Inc. d/b/a Berkeley Medical Center ("CHI"), is a domestic for-profit corporation, organized under the laws of the State of West Virginia and may be served with process through its registered agent, Garland Nagy at: 2500 Hospital Drive, 8th Floor, Martinsburg, WV 25401.

33.     Defendant, St. Joseph's Hospital of Buckhannon, Inc. ("JHB"), is a domestic for-profit corporation, organized under the laws of the State of West Virginia and may be served with process through its registered agent, Jeffrey S. Bolyard at: 327 Medical Park Drive, Bridgeport, WV 26330.

34.     Defendant, Charleston Hospital, Inc. d/b/a Saint Francis Hospital ("Charleston"), is a domestic for-profit corporation, organized under the laws of the State of West Virginia and may be served with process through its registered agent, Aaron B. Alexander, Charleston Hospital Inc. at: 333 Laidley Street, Charleston, WV 25301.

35.     Defendant, The West Virginia Health Care Cooperative, Inc. d/b/a Summersville Regional Medical Center ("WVHCC"), is a domestic for-profit corporation, organized under the laws of the State of West Virginia and may be served with process through its registered agent, Christine Vaglienti at: 1238 Suncrest Towne Center, Morgantown, West Virginia 26505.

36.     Defendant, Braxton County Memorial Hospital, Inc. ("BCMH"), is a domestic for-profit corporation, organized under the laws of the State of West Virginia and may be served with process through its registered agent, Christine Vaglienti at: 1238 Suncrest Towne Center, Morgantown, West Virginia 26505.

37.     Defendant, Herbert J. Thomas Memorial Hospital Association ("HJTMHA"), is a domestic for-profit corporation, organized under the laws of the State of West Virginia and may be served with process through its registered agent, Aaron B. Alexander, at: Herbert J. Thomas Memorial Hospital Association, 4605 Maccorkle Avenue SW, South Charleston, WV 25309.

38.     Defendant, Wetzel County Hospital, Inc. ("WCH"), is a domestic for-profit corporation, organized under the laws of the State of West Virginia and may be served with process through its registered agent, Christine Vaglienti at: 1238 Suncrest Towne Center, Morgantown, West Virginia 26505.

39.     Defendant, Community Health Association d/b/a Jackson General Hospital ("CHA"), is a domestic for-profit corporation, organized under the laws of the State of West Virginia and may be served with process through its registered agent, Christine Vaglienti at: 1238 Suncrest Towne Center, Morgantown, West Virginia 26505.

40.     Defendant, Wheeling Hospital, Inc. ("Wheeling"), is a domestic for-profit corporation, organized under the laws of the State of West Virginia and may be served with process through its registered agent, Christine Vaglienti at: 1238 Suncrest Towne Center, Morgantown, West Virginia 26505.

41.     Defendant, Fayette Physician Network, Inc. d/b/a Uniontown Hospital ("FPN"), is a foreign for-profit corporation, licensed to do business in the State of West Virginia and may be served with process through its registered agent, Christine Vaglienti at: 1238 Suncrest Towne Center, Morgantown, West Virginia 26505.

42.     Defendant, United Summit Center, Inc. ("USC") is a non-profit corporation, licensed to do business in the State of West Virginia and may be served with process through its registered agent, Christine Vaglienti at: 1238 Suncrest Towne Center, Morgantown, West Virginia 26505.

43.     Defendants are joint employers pursuant to 29 C.F.R. § 791.2. They have common ownership, oversight and control over Plaintiff and the Putative Collective Members. As a result, all Defendants are responsible, both individually and jointly, for compliance with all of the applicable provisions of the FLSA, including the overtime provisions, with respect to the entire employment for the workweeks at issue in this case.

## III.
## JURISDICTION & VENUE

44.     This Court has federal question jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 as this is an action arising under 29 U.S.C. §§ 201–19.

45.     This Court has general personal jurisdiction over Defendants because West Virginia qualifies as each Defendants' home state.

46.     Venue is proper in the Northern District of West Virginia because this is a judicial district where a substantial part of the events or omissions giving rise to the claim occurred.

47.     Additionally, West Virginia United Health's corporate headquarters are located in Morgantown, West Virginia which is located within this District and Division.

48.     Venue is therefore proper in this Court pursuant to 28 U.S.C. § 1391(b).

## IV.
## ADDITIONAL FACTS

49.     As one of West Virginia's largest health system, West Virginia United Health and its subsidiaries and affiliates, including all other named Defendants, are a unified health care system.[2]

50.     Under the West Virginia United Health name, Defendants operate seventeen (17) hospitals and numerous other health care facilities spread across West Virginia, Ohio, Pennsylvania, and Maryland.[3]

51.     Noted by Forbes as one of America's Best Large Employers for 2021, Defendants employ approximately 25,880 employees.[4]

---

[2] https://wvumedicine.org/about/

[3] https://wvumedicine.org/about/hospitals-and-institutes/

[4]     https://www.flipsnack.com/wvumedicine/west-virginia-university-health-system-annual-report-2021/full-view.html

52.     To provide their services, Defendants employed (and continues to employ) numerous hourly workers—including Plaintiff and the individuals that make up the putative or potential class.

53.     While exact job titles may differ, these hourly employees were subjected to the same or similar illegal pay practices for similar work throughout Defendants' facilities in the United States.

## Defendants Are Joint Employers Under the FLSA

54.     Defendants are joint employers pursuant to 29 C.F.R. § 791.2.

55.     Defendants are integrated companies that share customers, properties, employees, and all other assets.

56.     Defendant West Virginia United Health is the ultimate legal parent of all other named Defendants.[5]

57.     Defendant West Virginia United Health has the power to hire and fire any and all of the Defendants' employees.

58.     Defendant West Virginia United Health supervises and controls all of the Defendants' employees' work schedules and conditions of employment.

59.     Defendant West Virginia United Health determines the rate and method of payment for all employees working under the other named Defendants.

60.     On information and belief, West Virginia United Health made the decision for its subsidiaries and affiliates—the other Defendants—to use the Kronos time keeping system.

61.     On information and belief, West Virginia United Health made the decision for its subsidiaries and affiliates—the other Defendants—to apply an automatic meal break deduction to the wages of the Plaintiff and Putative Collective Members.

---

[5]   https://wvumedicine.org/wp-content/uploads/2022/05/WVUHS-Audited-Financial-Statements-2021-Final.pdf

62.     Defendant West Virginia United Health maintains employment records for the direct employees of all the other named Defendants.

63.     Specifically, West Virginia United Health controls the HR Department which maintains all the employment records for all the Defendants' employees.

64.     Defendant West Virginia United Health manages key internal relationships to Defendants—that is, Defendant CHS directs the financials of all the Defendants and controls the pay, hours and schedules of Plaintiff and the Putative Collective Members.

65.     Moreover, all Defendants have (or had) the power to hire and fire Plaintiff and the Putative Collective Members; supervise and control Plaintiff and the Putative Collective Members' work schedules and conditions of their employment; determine their rate and method of payment, and jointly maintain their employment records.

66.     As a result, all Defendants are responsible, both individually and jointly, for compliance with all the applicable provisions of the FLSA with respect to the entire employment for the workweeks at issue in this case.

67.     Plaintiff Ware was employed as an Administrative Assistant/Behavioral Health Technician in Weston, West Virginia at Defendants' United Summit Center facility from approximately October of 2010 to March 1, 2022.

68.     Plaintiff and the Putative Collective Members are non-exempt employees that were (and continue to be) paid by the hour.

69.     Importantly, none of the FLSA exemptions relieving a covered employer (such as Defendants) of the statutory duty to pay its employees overtime at one and one-half times the regular rate of pay apply to Plaintiff or the Putative Collective Members.

70.     Moreover, Plaintiff and the Putative Collective Members are similarly situated with respect to their job duties, their pay structure and, as set forth below, the policies of Defendants resulting in the complained of FLSA violations.

71.     Plaintiff and the Putative Collective Members are non-exempt employees who were (and are) paid by the hour.

72.     Plaintiff and the Putative Collective Members typically worked approximately forty (40) or more "on-the-clock" hours each workweek.

73.     In addition to their forty (40) "on-the-clock" hours, Plaintiff and the Putative Collective Members worked up to three (3) hours "off-the-clock" per week and have not been compensated for that time.

**Unpaid Meal Breaks**

74.     Defendants have a policy that hourly employees, such as Plaintiff and the Meal Break Putative Collective Members, automatically have thirty (30) minutes per day for a meal period deducted from their hours worked.

75.     Defendants were (and continue to be) aware that Plaintiff and the Meal Break Putative Collective Members regularly worked (and continue to work) through their 30-minute periods without pay in violation of the FLSA.

76.     Specifically, Defendants require Plaintiff and the Meal Break Putative Collective Members to take a meal break each day, but the Defendants do not provide the Plaintiff or Meal Break Putative Collective Members with any relief from their job duties at any point during their workday.

77.     As a result, Plaintiff and the Meal Break Putative Collective Members are rarely able to take a full, undisturbed thirty (30) minute meal break during their shift because of constant work duties.

78.     When calculating Plaintiff and the Meal Break Putative Collective Members' hours each pay period, Defendants deducted (and continue to deduct) thirty minutes from Plaintiff and the Meal Break Putative Collective Members' daily on-the-clock hours in violation of the FLSA.

79.     In other words, for each 3-day workweek, Defendants deducted (and continue to deduct) a minimum of 1.5 hours from each workweek's total "on-the-clock" hours. For a 5-day workweek, Defendants deducted (and continue to deduct) a minimum of 2.5 hours from each workweek's total "on-the-clock" hours.

80.     Defendants' systematic deduction of the 30-minute meal period from Plaintiff and the Meal Break Putative Collective Members' "on-the-clock" time resulted (and continues to result) in Plaintiff and the Meal Break Putative Collective Members working overtime hours for which they were (and are) not compensated at the rates required by the FLSA.

81.     Defendants' systematic deduction of the 30-minute meal period from actual hours worked at or below forty (40) hours per workweek and actual hours worked in excess of 40 hours per workweek deprived (and continues to deprive) Plaintiff and the Meal Break Putative Collective Members of the required and proper amount of overtime pay in violation of the FLSA.

**Kronos Hack**

82.     Plaintiff Ware worked hours, including overtime hours, for which she was not timely paid as a result of Defendants' choice not to pay her for her actual recorded hours pursuant to its policy to only pay its hourly employees based on the amount of hours they worked the previous pay period throughout the pendency of the Kronos hack.

83.     Plaintiff and the Kronos Putative Collective Members typically worked (and continue to work) in excess of forty (40) "on-the-clock" hours per week.

84.     Defendants employed (and continue to employ) other individuals who perform(ed) the same or similar job duties under the same pay provisions as Plaintiff.

85.     Moreover, Plaintiff and the Kronos Putative Collective Members are similarly situated with respect to their pay structure and, as set forth above, the policies implemented by Defendants to address the Kronos hack resulting in the complained of FLSA alleged herein.

86.     Defendants were (and continue to be) aware of their obligation to timely pay Plaintiff and the Kronos Putative Collective Members for all hours worked and pay the proper amount of overtime for all hours worked in excess of forty (40) each week but has failed to do so.

87.     Defendants failed to pay Plaintiff and the Kronos Putative Collective Members wages on time and could have done so by using the manual information recorded by Plaintiff and the Kronos Putative Collective Members for each pay period after the Kronos Hack.

88.     Defendants knew or should have known that their failure to pay the correct amount of overtime to Plaintiff and Putative Collective Members would cause, did cause, and continues to cause financial injury to Plaintiff and the Putative Collective Members.

89.     Defendants knew or should have known that causing and/or requiring Plaintiff and the Putative Collective Members to perform necessary work "off-the-clock" would cause, did cause, and continues to cause financial injury to Plaintiff and the Putative Collective Members.

90.     Because Defendants did not pay Plaintiff and the Putative Collective Members for all hours worked and time and a half for all hours worked in excess of forty (40) in a workweek, Defendants' pay policies and practices violate the FLSA as alleged herein.

**V.**
**CAUSES OF ACTION**

**COUNT ONE**
**(Collective Action Alleging FLSA Violations)**

**A.     FLSA COVERAGE**

91.     All previous paragraphs are incorporated as though fully set forth herein.

92.     Plaintiff brings her collective action claims on behalf of two groups of employees, the

"FLSA Meal Break Collective" and the "FLSA Kronos Collective."[6]

93.     The collectives are defined as follows:

**ALL CURRENT AND FORMER HOURLY EMPLOYEES, SUBJECT TO AN AUTOMATIC MEAL BREAK DEDUCTION, WHO WERE EMPLOYED BY WEST VIRGINIA UNIVERSITY MEDICAL CORPORATION, WEST VIRGINIA UNITED HEALTH SYSTEM, INC., WEST VIRGINIA UNIVERSITY HOSPITALS, INC. d/b/a J.W. RUBY MEMORIAL HOSPITAL, THE CHARLES TOWN GENERAL HOSPITAL d/b/a JEFFERSON MEDICAL CENTER, POTOMAC VALLEY HOSPITAL OF W. VA., INC., UNITED HOSPITAL CENTER, INC., PRINCETON COMMUNITY HOSPITAL ASSOCIATION, INC., AUXILIARY OF THE CAMDEN CLARK MEMORIAL HOSPITAL OF PARKERSBURG, INC. d/b/a CAMDEN CLARK MEDICAL CENTER, REYNOLDS MEMORIAL HOSPITAL, INC., CITY HOSPITAL, INC. d/b/a BERKELEY MEDICAL CENTER, ST. JOSEPH'S HOSPITAL OF BUCKHANNON, INC., CHARLESTON HOSPITAL, INC. d/b/a SAINT FRANCIS HOSPITAL, THE WEST VIRGINIA HEALTH CARE COOPERATIVE, INC. d/b/a SUMMERSVILLE REGIONAL MEDICAL CENTER, BRAXTON COUNTY MEMORIAL HOSPITAL, INC., HERBERT J. THOMAS MEMORIAL HOSPITAL ASSOCIATION, WETZEL COUNTY HOSPITAL, INC., COMMUNITY HEALTH ASSOCIATION d/b/a JACKSON GENERAL HOSPITAL, WHEELING HOSPITAL, INC., FAYETTE PHYSICIAN NETWORK, INC. d/b/a UNIONTOWN HOSPITAL, AND UNITED SUMMIT CENTER, INC. WHO WORKED ANYWHERE IN THE UNITED STATES FROM AUGUST 26, 2019, THROUGH THE FINAL DISPOSITION OF THIS MATTER. ("FLSA Meal Break Collective" or "FLSA Meal Break Collective Members").**

**and**

**ALL CURRENT AND FORMER HOURLY EMPLOYEES, WHO USED A KRONOS TIME CLOCK, WHO WERE EMPLOYED BY WEST VIRGINIA UNIVERSITY MEDICAL CORPORATION, WEST VIRGINIA UNITED HEALTH SYSTEM, INC., WEST VIRGINIA UNIVERSITY HOSPITALS, INC. d/b/a J.W. RUBY MEMORIAL HOSPITAL, THE CHARLES TOWN GENERAL HOSPITAL d/b/a JEFFERSON MEDICAL CENTER, POTOMAC VALLEY HOSPITAL OF W. VA., INC., UNITED HOSPITAL CENTER, INC., PRINCETON COMMUNITY HOSPITAL ASSOCIATION, INC., AUXILIARY OF THE CAMDEN CLARK MEMORIAL HOSPITAL OF PARKERSBURG, INC. d/b/a CAMDEN CLARK MEDICAL CENTER, REYNOLDS MEMORIAL HOSPITAL,**

---

[6] Plaintiff Ware is a member of both the FLSA Meal Break Collective and the FLSA Kronos Collective.

**INC., CITY HOSPITAL, INC. d/b/a BERKELEY MEDICAL CENTER, ST. JOSEPH'S HOSPITAL OF BUCKHANNON, INC., CHARLESTON HOSPITAL, INC. d/b/a SAINT FRANCIS HOSPITAL, THE WEST VIRGINIA HEALTH CARE COOPERATIVE, INC. d/b/a SUMMERSVILLE REGIONAL MEDICAL CENTER, BRAXTON COUNTY MEMORIAL HOSPITAL, INC., HERBERT J. THOMAS MEMORIAL HOSPITAL ASSOCIATION, WETZEL COUNTY HOSPITAL, INC., COMMUNITY HEALTH ASSOCIATION d/b/a JACKSON GENERAL HOSPITAL, WHEELING HOSPITAL, INC., FAYETTE PHYSICIAN NETWORK, INC. d/b/a UNIONTOWN HOSPITAL, AND UNITED SUMMIT CENTER, INC. WHO WORKED ANYWHERE IN THE UNITED STATES FROM NOVEMBER 28, 2021, THROUGH THE RESOLUTION OF THE KRONOS HACK. ("FLSA Kronos Collective" or "FLSA Kronos Collective Members").**

94.     At all material times, Defendants have been joint employers within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

95.     At all material times, Defendants have been an enterprise within the meaning of section 3(r) of the FLSA, 29 U.S.C. § 203(r).

96.     At all material times, Defendants have been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, or in any closely related process or occupation directly essential to the production thereof, and in that that enterprise has had, and has, an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

97.     Specifically, Defendants operate numerous hospitals, purchase materials through commerce, transport material through commerce and on the interstate highways, and conduct transactions through commerce, including the use of credit cards, phones, and/or cell phones, electronic mail and the internet.

98.     During the respective periods of Plaintiff and the FLSA Collective Members' employment by Defendants, these individuals have provided services for Defendants that involved interstate commerce for purposes of the FLSA.

99.     In performing the operations hereinabove, Plaintiff and the FLSA Collective Members have been engaged in commerce or in the production of goods for commerce within the meaning of §§ 203(b), 203(i), 203(j), 206(a), and 207(a) of the FLSA. 29 U.S.C. §§ 203(b), 203(i), 203(j), 206(a), 207(a).

100.    Specifically, Plaintiff and the FLSA Collective Members are non-exempt hourly employees of Defendants who assisted Defendants' customers from throughout the United States. 29 U.S.C. § 203(j).

101.    At all material times, Plaintiff and the FLSA Collective Members have been individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206–07.

102.    The proposed collectives of similarly situated employees, i.e., putative collective members, sought to be certified pursuant to 29 U.S.C. § 216(b), are defined in Paragraph 93.

103.    The precise size and identity of the proposed collectives should be ascertainable from the business records, tax records, and/or employee and personnel records of Defendants.

## B.     FAILURE TO PAY WAGES AND OVERTIME UNDER THE FAIR LABOR STANDARDS ACT

104.    Defendants violated provisions of Sections 7 and 15 of the FLSA, 29 U.S.C. §§ 207, and 215(a)(2) by employing individuals in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without compensating such non-exempt employees for all hours worked in excess of forty (40) hours per week at rates at least one and one-half times the regular rates for which they were employed.

105.    Plaintiff and the FLSA Collective Members suffered damages and continue to suffer damages as a result of Defendants' acts or omissions as described herein; though Defendants are in possession and control of necessary documents and information from which Plaintiff would be able to precisely calculate damages.

106.    Moreover, Defendants knowingly, willfully, and with reckless disregard carried out their illegal pattern of failing to timely pay Plaintiff and other similarly situated employees for all hours worked and the proper amount of overtime compensation for all hours worked over forty (40) each week. 29 U.S.C. § 255(a).

107.    Defendants knew or should have known their pay practices were in violation of the FLSA.

108.    Defendants are sophisticated parties and employers, and therefore knew (or should have known) their pay policies were in violation of the FLSA.

109.    Plaintiff and the FLSA Collective Members, on the other hand, are (and were) unsophisticated employees who trusted Defendants to pay them timely, according to the law.

110.    The decision and practice by Defendants to not timely pay for all hours worked and the proper amount of overtime for all hours worked over forty (40) each week was neither reasonable nor in good faith.

111.    Accordingly, Plaintiff and the FLSA Collective Members are entitled to be paid overtime wages for all hours worked in excess of forty (40) hours per workweek pursuant to the FLSA in an amount equal to one-and-a-half times their regular rate of pay, plus liquidated damages, attorneys' fees and costs.

## C.    COLLECTIVE ACTION ALLEGATIONS

112.    All previous paragraphs are incorporated as though fully set forth herein.

113.     Pursuant to 29 U.S.C. § 216(b), this is a dual collective action filed on behalf of all of Defendants' employees who have been similarly situated to Plaintiff with regard to the work they performed, the manner in which they were paid, and their common subjugation to the policies and procedures implemented by Defendants.

114.     Other similarly situated employees of Defendants have been victimized by Defendants' patterns, practices, and policies which are in willful violation of the FLSA.

115.     The FLSA Collective Members are defined in Paragraph 93.

116.     Defendants' failure to pay Plaintiff and the FLSA Collective Members for all hours worked and overtime compensation at the rates required by the FLSA, results from Defendants' generally applicable policies and practices and does not depend on the personal circumstances of Plaintiff or the FLSA Collective Members.

117.     Thus, Plaintiff's experiences are typical of the experiences of the FLSA Collective Members.

118.     The specific job titles or precise job requirements of the various FLSA Collective Members do not prevent collective treatment.

119.     All of the FLSA Collective Members—regardless of their specific job titles, precise job requirements, rates of pay, or job locations—are entitled to be timely paid for all hours worked and at the proper overtime rate for all hours worked in excess of forty (40) hours per workweek.

120.     Although the issues of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

121.     Absent a collective action, many members of the proposed FLSA collective likely will not obtain redress of their injuries and Defendants will retain the proceeds of their violations.

122.     Moreover, individual litigation would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the individual members of the classes and provide for judicial consistency.

123.     Accordingly, the FLSA collectives of similarly situated plaintiff should be certified as defined as in Paragraph 93 and notice should be promptly sent.

## VI.
## RELIEF SOUGHT

124.     Plaintiff respectfully prays for judgment against Defendants as follows:

a.     For an Order certifying the FLSA Collectives as defined in Paragraph 93 and requiring Defendants to provide the names, addresses, e-mail addresses, telephone numbers, and social security numbers of all putative collective action members;

b.     For an Order approving the form and content of a notice to be sent to all putative FLSA Collective Members advising them of the pendency of this litigation and of their rights with respect thereto;

c.     For an Order pursuant to Section 16(b) of the FLSA finding Defendants liable for unpaid back wages due to Plaintiff (and those FLSA Collective Members who have joined in the suit), and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff (and those FLSA Collective Members who have joined in the suit);

d.     For an Order awarding costs and expenses of this action;

e.     For an Order awarding attorneys' fees;

f.     For an Order awarding pre-judgment and post-judgment interest at the highest rates allowed by law;

g.     For an Order awarding Plaintiff a service award as permitted by law;

h.     For an Order compelling the accounting of the books and records of Defendants, at Defendants' own expense; and

           i.        For an Order granting such other and further relief as may be necessary and appropriate.

Date:   August 26, 2022                  Respectfully submitted,

                                                  Tammy Ware *et al.*
                                                    Individually and on behalf of all others similarly situated

                                                      Plaintiffs,

                                                      By Counsel

                                                  **THE EMPLOYMENT LAW CENTER PLLC**

By:      */s/ Kirk Auvil*
              Kirk Auvil (WVSB #12953)
              Walt Auvil (WSVB #190)

              The Employment Law Center PLLC
              1208 Market St.
              Parkersburg, WV 26101
              Telephone: (304) 485-3058
              Facsimile: (304) 485-6344

              **ANDERSON ALEXANDER, PLLC**

By:      */s/ Clif Alexander*
              **Clif Alexander** *(application Pro Hac Vice pending)*
              Texas Bar No. 24064805
              clif@a2xlaw.com
              **Austin W. Anderson** *(application Pro Hac Vice pending)*
              Texas Bar No. 24045189
              austin@a2xlaw.com
              819 N. Upper Broadway
              Corpus Christi, Texas 78401
              Telephone: (361) 452-1279
              Facsimile: (361) 452-1284

              ***Attorneys in Charge for Representative Plaintiff and Putative Collective Members***

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 26, 2022, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Northern District of West Virginia using the electronic case filing system of the court.  The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

*/s/ Clif Alexander*
Clif Alexander