## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF WEST VIRGINIA

| | | |
|---|---|---|
| TAMMY WARE, | ) | |
| Individually and on behalf of others similarly | ) | Civil Action No. 1:22-CV-00054-TSK |
| situated, | ) | |
| | ) | |
| Plaintiff, | ) | Jury Trial Demanded |
| | ) | |
| v. | ) | Originally filed as FLSA Collective Action |
| | ) | (Not Certified as a Collective Action) |
| WEST VIRGINIA UNIVERSITY | ) | |
| MEDICAL CORPORATION, *et al.*, | ) | |
| | ) | |
| Defendants. | | |

### JOINT MOTION FOR APPROVAL OF FLSA SETTLEMENT AGREEMENTS AND RELEASES, FOR ORDER DISMISSING CASE WITH PREJUDICE AND OTHER ANCILLARY RELIEF

Plaintiff Tammy Ware ( "Plaintiff" or "Ware") and all remaining, non-dismissed Defendants, West Virginia United Health System, Inc. ("WVUHS"), The Charles Town General Hospital d/b/a Jefferson Medical Center, United Summit Center, Inc., City Hospital d/b/a Berkeley Medical Center, The West Virginia Health Care Cooperative, Inc. d/b/a Summersville Regional Medical Center, and Auxiliary of the Camden Clark Memorial Hospital of Parkersburg, Inc. d/b/a Camden Clark Medical Center collectively "Defendants" and together with Plaintiff (the "Parties"), by and through their undersigned counsel, move the Court for an order: (a) approving the Parties' Fair Labor Standards Act Settlement Agreement and Release; (b) approving ten (10) Opt In Settlement Agreements and Releases; (c) dismissing five (5) Opt Ins' claims, to the extent they exist, with prejudice; (d) entering a stipulated judgment; and (e) dismissing this case with prejudice. In support of their joint motion, the Parties state:

### 1. Introduction

Ware filed the instant lawsuit as a putative collective action under the Fair Labor Standards Act (29 U.S.C. §§ 201-219, the "FLSA") alleging that WVUHS and its related entities, as joint employers, violated the FLSA by: (1) automatically deducting a 30-minute meal-period from Ware and

the putative collective members' daily time even though they regularly worked "off-the-clock" and (2) failing to accurately track and pay for all hours worked by the Plaintiff and Defendants' hourly employees during the Kronos ransomware attack (also known as the Kronos hack) in December 2021.

Ware filed her original complaint on July 11, 2022 (ECF No. 1) and amended her complaint twice, although both amended complaints were inadvertently titled "First Amended Collective Action Complaint (ECF Nos. 14 and 26). Defendants answered Plaintiff's second amended complaint (ECF No. 26) on November 23, 2022 and Defendants denied all material allegations of Plaintiff's initial and operative pleadings and raised a significant number of affirmative defenses (ECF No. 38). Among other things, Defendants asserted that Plaintiff Ware was not subject to an automatic meal break deduction, that Ware was paid for any missed meal breaks, that all Defendants' employees were paid for any missed meal breaks, that Defendants timely and diligently responded to the Kronos ransomware attack and that Defendants, in fact, overpaid employees upon reconciliation.

Ware and the Defendants exchanged a significant amount of written discovery, with each Defendant entity responding to Interrogatories, Requests for Production of Documents and Requests for Admission. Defendants' discovery responses set forth in significant detail the bases for Defendants' denials and affirmative defenses, including those mentioned above. Ware likewise responded to Defendants' Interrogatories, Requests for Production and Requests for Admission.

Throughout the course of the proceedings, fifteen (15) individuals filed notices of consent to opt into this action (ECF Nos. 3, 20, 24, 36, 43, 44, 48, 49).[1] Ware did not move for conditional certification under 29 U.S.C. § 216 and stipulated that her collective action allegations were purposely withdrawn (ECF. 158). Numerous Defendant parties which were also initially named in the action

---

[1] "Opt-Ins" refers collectively to the following individuals: Elizabeth Knicely, Dawna Michelle Brady, Susan M. Kovar, Ronald Fisher, Tina M. Kalar, Brandon Moody, Cindy Adkins, Chelsea Marple, Benjamin Cool, Tammy Posey, Shawn Staats, Susan Hahn, David Q. Albritton, Jacqueline Gorbey, and Rebecca Flanagan-Noe.

were dismissed with prejudice by stipulation (ECF 158) and Order (ECF No. 160).[2]  In the spirit of compromise, Ware and the non-dismissed, remaining Defendants entered into settlement discussions with respect to Ware's individual claims and also included those Opt Ins who had filed consents to join as of the date of the Stipulation for consideration in the settlement discussions and negotiations (ECF 158).

As a result of extensive settlement negotiations among counsel and clients, Ware and ten (10) Opt Ins signed Fair Labor Standards Act Settlement Agreements and Releases with WVUHS and their respective former employer entities.  These eleven (11) confidential Settlement Agreements and General Releases, treated as "confidential" as among the Parties, the Opt Ins and all counsel,  will be separately filed with the Court under seal for the Court's review and approval.  Five (5) Opt Ins (Benjamin Cool, Chelsea Marple, Ronald Fisher, Dawna Brady and Tina Kalar) did not respond to Plaintiff's counsel's attempts to collect signatures for the settlement agreements presented to them and the Parties stipulate that their claims should be dismissed with prejudice as the mere filing of a consent to join, without more, did not confer party status or independent substantive or procedural rights in this action in the absence of any motion or court certification of a collective action. By entering into an agreement with Plaintiff's Counsel, these 5 individuals agreed to the Class Representative (Ware) making the determination as to the litigation and any settlement agreement(s) reached. Plaintiff's Counsel was diligent in contacting these 5 individuals (by phone, text, email, and mail) and informing them of their negotiated settlement amounts, their rights, and the consequences

---

[2] All claims against the following defendants were dismissed, with prejudice:  West Virginia University Medical Corporation, West Virginia University Hospitals, Inc. d/b/a J.W. Ruby Memorial Hospital, Potomac Valley Hospital of W. Va., Inc., Princeton Community Hospital Associations, Inc., Reynolds Memorial Hospital, Inc., St. Joseph's Hospital of Buckhannon, Inc., Charleston Hospital, Inc. d/b/a Saint Francis Hospital, Braxton County Memorial Hospital, Inc., Herbert J. Thomas Memorial Hospital Association, Wetzel County Hospital, Inc., Community Health Association d/b/a Jackson General Hospital, Wheeling Hospital, Inc., and Fayette Physician Network, Inc. d/b/a Uniontown Hospital.  These dismissed defendants are subsidiaries of West Virginia United Health System, Inc. and did not directly employ Ware or any of the Opt-Ins.

of failing to execute the agreement. Regardless of these efforts, Plaintiff's Counsel could not obtain these signatures.  As noted above, the Parties agree that these 5 individuals' claims should be dismissed with prejudice.

Upon agreeing to all material terms of the Settlement Agreements and Releases, the Parties filed a Joint Notice of Settlement (ECF No. 162). The Parties now seek approval of the Settlement Agreements and Releases (sometimes referred to generally as the "Settlement") as a fair and reasonable resolution of a bona fide dispute.

**2.  Standard of Review**

Although the Fourth Circuit has not addressed the factors to be considered in approving FLSA settlements, district courts in this circuit typically employ the considerations the Eleventh Circuit set forth in *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir.1982). *See Bolyard v. Premier Chevrolet Buick GMC of Morgantown, Inc.*, No. 1:21-CV-80, 2023 WL 5673445, at *1 (N.D.W. Va. Sept. 1, 2023) (Kleeh, C.J. presiding) (collecting cases). "When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Mayhew v. Loved Ones in Home Care, LLC*, No. 2:17-cv-03844, 2020 WL 1492542, at *1 (S.D. W. Va. March 26, 2020) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-53 (11th Cir. 1982)). The factors courts typically consider in determining whether a proposed settlement of FLSA claims is fair and reasonable are:

(1) the extent of discovery that has taken place;

(2) the stage of the proceedings, including the complexity, expense and likely duration of the litigation;

(3) the absence of fraud or collusion in the settlement;

(4) the experience of counsel who have represented the plaintiff; and

(5) the probability of plaintiff's success on the merits and the amount of the settlement in relation to the potential recovery.

*See Bolyard*, 2023 WL 5673445 at *1 (citation omitted). "In short, this Court must determine whether this settlement 'is a fair and reasonable resolution of a bona fide dispute over FLSA provisions.'" *Id.* (quoting *Lynn's Food Stores*, 679 F.2d at 1355). As each of these factors favor settlement, the Parties respectfully request that this Court approve the Settlement.

### 3. Discussion

As a result of an adversarial, arm's-length negotiation considering all known facts, including Defendants' denials and defenses, the risks of litigation, and the significant time delay to litigate this action, the Parties have agreed to resolve the case for $36,671.63 which represents $8,193.02 in back wages, $8,193.02 in liquidated damages, and includes $20,285.59 for attorney fees and costs which were separately negotiated, in return for confidential settlement agreements and releases of all claims (See Exhibit 1, Chart of settlement allocations, Exhibits 2-12, FLSA Settlement Agreements and Releases, filed separately under seal pursuant to agreement of Parties and counsel). Settlement figures for Ware were based on negotiated, agreed assumptions of the number alleged "missed meal breaks" for each work week during the relevant time period multiplied by one half of the average hourly rate (30 minute meal breaks); that sum was also then liquidated. Settlement allocations for certain other Opt Ins were based on that same formula. For those Opt Ins who are receiving $50 settlements, payroll records demonstrate that those Opt Ins never had automatic-deducted meal breaks due to the nature of their specific roles at United Summit Center, Inc., which roles did not have meal break time deducted. Those Opt Ins have agreed to accept a $25 settlement for wages, with $25 for liquidated damages. According to Plaintiff's Counsel's calculations, each recipient of settlement funds is recovering her or his claimed unliquidated back wages and liquidated damages, while some may be recovering more than that number, given specific factual scenarios or defenses applied to them. Explained in further detail below, no settlement amounts were allocated – for Ware or any of the Opt Ins - for the alleged Kronos hack damages. The Parties agree that the terms of the Settlement are fair,

reasonable, and an adequate resolution of this action. Thus, to approve Settlement of the instant lawsuit, the Court must determine the Parties' compromise complies with the requirements of the FLSA.

A.      **Extent of Discovery**

Both parties conducted formal and informal discovery regarding the claims and defenses at issue, class certification, and damages. The Parties jointly endeavored to obtain and exchange sufficient pay data and time records to complete a back wage model to analyze the claims of the Plaintiff and the participating Opt Ins to complete a comprehensive settlement, as well as to determine the likely outcome at trial. Thousands of pages of records and spreadsheets were produced and analyzed. This factor weighs in favor of settlement. "Thus, it is clear that the [p]arties had adequate time to conduct sufficient discovery to fairly evaluate the liability and financial aspects of [the] case." *Bolyard*, 2023 WL 5673445 at *2(quoting *Weller v. Dolgencorp, Inc.*, No. 3:09-cv-22, 2011 WL 121914, *2 (N.D.W. Va. Jan. 13, 2011)).   Defendants' discovery responses, including verified answers to interrogatories, provided detailed explanation and analysis of what immediate, intermediate and long-term steps Defendants took in response to the Kronos hack which had temporarily suspended Defendants' electronic, cloud-based timekeeping systems.   These responses demonstrated, among other things, that all employees' payroll amounts and wages were accurately reconciled and that more employees were overpaid than underpaid.

B.      **Stage of the Proceedings, Including the Complexity, Expense and Likely Duration of the Litigation**

The second factor likewise weighs in favor of the Parties' proposed joint Settlement. This case initially involved numerous parties and through a thorough investigation, the parties were narrowed. The Parties have indicated further litigation of the Plaintiff's claims, including Defendants' defenses, would require extensive motion practice, expert testimony, and likely a jury trial. As to the meal break claims, Defendants contend that Ware and many of the Opt Ins were not subject to automatic meal

break deductions, especially as to those formerly employed at Defendant United Summit, Center, Inc.,

and also contend that all employees were compensated for meal breaks through submission of meal

break cancelation forms and compliance with relevant written policies, and procedures.  Further, as

to the Kronos hack claims, the prospect of a malicious cyberattack on an employer's electronic payroll

system was not contemplated at the time the FLSA was enacted, and there is no Department of Labor

guidance on the subject, this claim creates novel issues of both fact and law which would require

extensive briefing and expert testimony.  Defendants contend that their comprehensive and timely

remediation plan actually resulted in a majority of overpayments to employees.   As a result of the

discovery completed and data provided on the Kronos hack claims, counsel for Plaintiff and the Opt

Ins agreed that the settlements would not include allocations of any amounts for any alleged delay in

payment, as all payments had been completely reconciled prior to the institution of this action. The

Settlement would save the Parties from further significant litigation expenses.

###### C.    Absence of Fraud or Collusion in the Settlement and Experience of Plaintiff's Counsel

Third, there is an absence of fraud or collusion. There is no collusion present and the terms

of the Settlement benefit Plaintiff (and participating Opt Ins), considering potential liability and

expense after a jury trial. Likewise, Plaintiff (and participating Opt Ins) have had the benefit of

experienced counsel. For example, Richard Schreiber has been counsel in almost 300 class and/or

collective actions. Plaintiff (and participating Opt Ins) are represented by counsel with significant

experience in handling large scale wage and hour litigation. Indeed, as one court expressly noted

regarding Class Counsel, "the firms involved in this case on the Plaintiffs' side [including Bruckner

Burch] are **among the most experienced and best regarded in this specialized practice area**."

*Kurgan v. Chiro One Wellness Ctrs., LLC*, No. 10-CV-1899, 2015 WL 1850599, at *4 (N.D. Ill. Apr. 21,

2015) (emphasis added); *See, e.g., Robertson v. Enbridge (U.S.) Inc.*, No. 2:19-CV-1080-WSS-LPL, 2021

WL 8342845, at *1 (W.D. Pa. Dec. 17, 2021) (noting Bruckner Burch and Josephson Dunlap are "well-

versed in … wage-and-hour law"); *Horton v. Right Turn Supply, LLC*, Case No. 2:19-cv-01271-NR at *8 (W.D. PA, Apr. 23, 2020) (Josephson Dunlap "conducted themselves professionally, demonstrated deep knowledge of wage-and-hour law, and have been diligent and responsive to the Court's orders"). In short, Plaintiff's counsel's "skill, knowledge, reputation, and experience are well-recognized in FLSA cases such as this one." *See Cormier v. Turnkey Cleaning Servs. LLC*, No. 6:15-CV-2076, 2018 WL 5288824, at *4 (W.D. La. Oct. 22, 2018) (Bruckner Burch and Josephson Dunlap). Plaintiff's counsel's skill, knowledge, reputation, and experience are well-recognized in FLSA cases such as this one. *See, e.g., Hughes v. Gulf Interstate Field Servs., Inc.*, 878 F.3d 183 (6th Cir. 2017) (reversing trial court's grant of summary judgment in favor of defendant); *Roussell v. Brinker Int'l, Inc.*, 09- 20561, 2011 WL 4067171 (5th Cir. Sept. 14, 2011) (affirming jury verdict in FLSA collective action); *Belt v. EmCare, Inc.*, 444 F.3d 403 (5th Cir. 2006) (affirming summary judgment in favor of a nationwide class of FLSA plaintiffs).

The Settlement was reached after the Parties engaged in discovery for, among other things, employees' payroll and timesheets, meal break cancellation requests and adjustments, and comprehensive data with regard to Defendants' response and reconciliation with respect to the Kronos hack. The Parties engaged in settlement discussions for a period of several months to negotiate and finalize the details. The Parties agree that the Settlement was in no way the product of undue influence, duress, overreaching, collusion or intimidation. "In the absence of any evidence to the contrary, it is presumed that no fraud or collusion occurred." *See Gagliastre v. Capt. George's Seafood Rest., LP,*, 2:17CV379, 2019 WL 2288441 (E.D. Va. May 29, 2019), at *3; *Lafluer v. Dollar Tree Stores, Inc.,* 189 F. Supp. 3d 588, 595 (E.D. Va. 2016). This factor supports approval of the Settlement.

### D.    Probability of Plaintiff's Success on the Merits and Amount of Settlement in Relation to the Potential Recovery

Fourth, the probability of Plaintiff's success on the merits weighs in favor of settlement. The Parties extensively negotiated all amounts to be paid to Ware and the Opt Ins based on the facts and

defenses as applied to them.  If the jury believed Defendants, that Plaintiff did not work off the clock (or, potentially, if Defendants did not have knowledge of Plaintiff's off the clock work) Plaintiff would not be entitled to any back wages, fees, or costs. While the matter was not conditionally certified, the Parties agreed to include those Opt Ins who had filed consents at the time of settlement discussions for settlement consideration and participation.  Further, if the jury believed that Defendants adequately and properly responded to the Kronos hack and fully reconciled all payments, Plaintiff would receive no recovery on that claim. Plaintiff's Counsel maintains Ware and the participating Opt-in Plaintiffs are recovering their claimed unliquidated back wages and liquidated back wages as a result of the settlement. Therefore, the Settlement is fair and reasonable and favorable to the individual Plaintiff (and the participating Opt Ins).

### 4.   Relief Requested

Based on the foregoing, the Parties request an Order (a) approving the Parties' Fair Labor Standards Act Settlement Agreement and Release which includes separately negotiated attorney fee and costs for the entire action; (b) approving ten (10) Opt In Settlement Agreement and Releases; (c) dismissing five (5) Opt Ins' claims (Benjamin Cool, Chelsea Marple, Ronald Fisher, Dawna Brady and Tina Kalar), to the extent they exist, with prejudice; (d) entering a stipulated judgment; and (e) dismissing this case with prejudice., except that the Court will reserve exclusive and continuing jurisdiction over this action with respect to any further proceedings concerning the administration of the Settlement Agreements and Releases.

Dated:  April 9, 2025

Respectfully submitted,

By: */s/ Richard M. Schreiber*
**Michael A. Josephson**
Texas Bar No. 24014780
**Andrew W. Dunlap**
Texas Bar No. 24078444
**Richard M. Schreiber**

Texas Bar No. 24056278
**JOSEPHSON DUNLAP LLP**
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
Tel: (713) 352-1100
Fax: (713) 352-3300
mjosephson@mybackwages.com
adunlap@mybackwages.com
rschreiber@mybackwages.com

AND

**Richard J. (Rex) Burch\***
Texas Bar No. 24001807
**BRUCKNER BURCH PLLC**
11 Greenway Plaza, Suite 3025
Houston, Texas 77046
713-877-8788 – Telephone
713-877-8065 – Facsimile
rburch@brucknerburch.com

**William C. (Clif) Alexander**
Texas Bar No. 24064805
**Austin W. Anderson**
Texas Bar No. 24045189
**Carter T. Hastings**
Texas Bar No. 24101879
**ANDERSON ALEXANDER PLLC**
101 N. Shoreline Blvd., Suite 610
Corpus Christi, Texas 78401
361-452-1279 – Telephone
361-452-1284 – Facsimile
clif@a2xlaw.com
austin@a2xlaw.com
carter@a2xlaw.com

**Kirk Auvil (WVSB #12953)**
**Walt Auvil (WSVB #190)**
**The Employment Law Center PLLC**
1208 Market St.
Parkersburg, WV 26101
Telephone: (304) 485-3058
Facsimile: (304) 485-6344

*\*Pro hac vice applications forthcoming*

NELSON MULLINS RILEY &
SCARBOROUGH LLP

*/s/ Marc E. Williams*
Marc E. Williams (WV Bar # 4062)
*Admitted Pro Hac Vice*
949 3rd Ave, Suite 200
Huntington, WV 25701
Ph: (304) 526-3500
marc.williams@nelsonmullins.com

Kristin M. Ahr (FL Bar #63290)
*Admitted Pro Hac Vice*

10

360 South Rosemary Ave., Suite 1410
West Palm Beach, FL 33401
Ph: (561) 366-8765
Kristin.ahr@nelsonmullins.com

*Counsel for Defendants*

## <u>CERTIFICATE OF SERVICE</u>

 I served a copy of this document on all counsel of record pursuant to the Federal Rules of Civil Procedure on April 9, 2025.

<u>*/s/ Marc E. Williams*</u>
**Marc E. Williams**