```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

**TAMMY WARE, Individually and on
behalf of all others similarly situated,**

      Plaintiffs,

v.                                    CIVIL ACTION NO. 1:22-CV-54
                                                                       (KLEEH)

**WEST VIRGINIA UNIVERSITY MEDICAL
CORPORATION, et al.,**

      Defendants.

**ORDER GRANTING JOINT MOTION FOR APPROVAL OF FLSA SETTLEMENT
AGREEMENTS AND RELEASES, FOR ORDER DISMISSING CASE,
AND OTHER ANCILLARY RELIEF**

**THIS CAUSE** came before the Court on April 17, 2025, on the Parties' Joint Motion for Approval of FLSA Settlement Agreements and Releases, for Order Dismissing Case and Other Ancillary Relief ("Joint Motion") [ECF No. 164] filed on April 9. 2025. For purposes of the Joint Motion and this Order, the "Parties" are Plaintiff Tammy Ware ("Ware") and all remaining, non-dismissed Defendants: West Virginia United Health System, Inc. ("WVUHS"), The Charles Town General Hospital d/b/a Jefferson Medical Center, United Summit Center, Inc., City Hospital d/b/a Berkeley Medical Center, The West Virginia Health Care Cooperative, Inc. d/b/a Summersville Regional Medical Center, Auxiliary of the Camden Clark Memorial

Hospital of Parkersburg, Inc. d/b/a Camden Clark Medical Center, and United Hospital Center, Inc.[1] (collectively, "Defendants").

At the hearing, counsel for Plaintiff Ware and the Opt-Ins, Kirk Auvil, appeared in person and Richard Schreiber appeared via the Zoom teleconference platform. Counsel for Defendants Marc E. Williams and Kristin M. Ahr appeared in person.

The Joint Motion requests Court approval of eleven (11) settlement agreements and releases with Ware and ten (10) individuals who signed settlement agreements and releases, namely: Elizabeth M. Knicely, Susan M. Kovar, Brandon L. Moody, Cindy Adkins, Tammy L. Posey, Shawn R. Staats, Susan J. Hahn, David Q. Albritton, Jacqueline L. Gorbey, and Rebecca L. Flanagan-Noe (the "Opt Ins"). Five (5) other individuals who filed Notices of Consent to Join (Benjamin Cool, Chelsea Marple, Ronald Fisher, Dawna Brady and Tina Kalar) did not respond to Plaintiff's counsel's attempts to collect signatures for the settlement agreements presented to them and the Parties stipulate in the Joint Motion that their claims should be dismissed with prejudice.

---

[1] At the start of the hearing, the Parties jointly informed the Court that the name of one defendant, United Hospital Center, Inc., was inadvertently omitted from the list of Defendants that executed a signed settlement with an Opt-In, Jacqueline Gorbey. The Court granted the Parties' *ore tenus* Motion to add United Hospital Center, Inc. as a listed defendant to be included in the Joint Motion for approval of its corresponding settlement agreement and for all other relief sought in the Joint Motion.

When presented with Fair Labor Standards Act settlement agreements for approval, District Courts in the Fourth Circuit typically employ the considerations set forth in Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1355 (11th Cir. 1982) so that the Court may scrutinize the settlement and determine that it is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." Id.  If the settlement reflects a reasonable compromise over FLSA issues that are in dispute, the Court may approve the settlement "to promote the policy of encouraging settlement in litigation." Id. at 1354.  See, e.g., Bolyard v. Premier Chevrolet Buick GMC of Morgantown, Inc., No. 1:21-CV-80, 2023 WL 5673445, at *1 (N.D.W. Va. Sept. 1, 2023) (Kleeh, C.J. presiding) (collecting cases). The factors district courts typically consider in determining whether a proposed settlement of FLSA claims is fair and reasonable are:

> (1) the extent of discovery that has taken place;
> (2) the stage of the proceedings, including the complexity, expense and likely duration of the litigation;
> (3) the absence of fraud or collusion in the settlement;
> (4) the experience of counsel who have represented the plaintiff; and
> (5) the probability of plaintiff's success on the merits and the amount of the settlement in relation to the potential recovery.

See Bolyard, 2023 WL 5673445 at *1 (citation omitted). "In short, this Court must determine whether this settlement 'is a fair and

3

reasonable resolution of a bona fide dispute over FLSA provisions.'" Id. (quoting Lynn's Food Stores, 679 F.2d at 1355).

Upon review of the record and the parties' documented basis for settlement of this FLSA case as set forth in the Joint Motion, including an award of attorneys' fees to Plaintiff's counsel, and being otherwise duly advised in the premises, the Court **FINDS** that the settlement agreements presented for approval are fair and reasonable, that each of the stated factors noted above favor approval of the settlement agreements and releases, and that the requested fee is fair and reasonable and not grossly excessive. Accordingly, it is hereby

**ORDERED AND ADJUDGED** as follows:

1. The Joint Motion, [ECF No. 164], is **GRANTED.**

2. The Settlement Agreements [ECF No. 165 - Exhibits 2-12] which have been duly filed (under seal) as of record of the Court, are **APPROVED** in their entirety.

3. The claims of the five (5) individuals who filed Notices of Consent to Join but did not participate in or sign settlement agreements after being notified multiple times by their counsel of the consequences on non-participation (namely, Benjamin Cool, Chelsea Marple, Ronald Fisher, Dawna Brady and Tina Kalar) are **DISMISSED WITH PREJUDICE.**

4. A stipulated judgment in the amount(s) set forth in the Settlement Agreements and Releases are **ENTERED.**

4

5. The case is **DISMISSED WITH PREJUDICE as to all Defendants and all opt-ins and the plaintiff,** and any pending motions are **DENIED AS MOOT.**

6. The Court retains jurisdiction to enforce the terms of the settlement agreements and releases.

7. The Clerk is directed to transmit copies of this Order to counsel of record.

It is so **ORDERED.**

**DATED:** April 29, 2025

_____
**THOMAS S. KLEEH, CHIEF JUDGE**
**NORTHERN DISTRICT OF WEST VIRGINIA**